Arie Brouwer et al. [1] v. Commissioner. Brouwer v. Commissioner
Docket Nos. 27345, 28428, 28429, 28430, 28431, 28432, 28433, 28587.
United States Tax Court
1951 Tax Ct. Memo LEXIS 335; 10 T.C.M. (CCH) 109; T.C.M. (RIA) 51020; January 30, 1951
*335 R. L. Palmer, Esq., McKeown Bldg., Pipestone, Minn., and M. W. Houts, Esq., for the petitioners. Thos. A. Steele, Jr., Esq., for the respondent. JOHNSON Memorandum Opinion JOHNSON, Judge: In these proceedings, consolidated for hearing and opinion, respondent determined deficiencies in each petitioner's income tax for the calendar year 1946 as follows: Docket $6,no.
Petitioner
Deficiency
27345
Arie Brouwer
$1,592.55
28428
Ernest Ostermeier
731.40
28429
Gearhart Graves
216.45
28430
C. E. Gilliland
91.00
28431
Chris Nettinga
71.94
28432
Albert Grootwassink
205.15
28433
William Sluis
251.68
28587
Ellis Hoyme and Clara Hoyme.
260.00
The sole issue in dispute is whether the gains realized by each petitioner from the sales of certain farm animals which were culled from either their dairy herds or hogbreeding herds, or both, were taxable under section 117 (j) of the Internal Revenue Code as ordinary income, as determined by the Commissioner, or as capital gains, as claimed by petitioners. In six of the proceedings the deficiency determined by the Commissioner was based in part upon other adjustments made *336 by him which are not controverted by petitioners, but in 28431, Chris Nettinga, and in 28429, Gearhart Graves, the entire deficiency was based upon the Commissioner's determination that the gains from the sale of the animals was ordinary income. [The Facts] All of the facts in each proceeding were stipulated and submitted upon a separate stipulation of the parties, and are hereby found accordingly, and made a part hereof. Petitioners are individuals engaged in farming, all of whom reside in Pipestone County, Minnesota, except in 28587, Ellis Hoyme and Clara Hoyme, and 28429, Gearhart Graves, are residents of Sherman, South Dakota, and each petitioner filed and income tax return for the calendar year 1946 with the collector of internal revenue for the district of Minnesota at St. Paul, Minnesota. There was no business connection between the petitioners, and the proceedings were consolidated because the material facts in each were substantially the same, and the issue involved was identically the same, and the issue involved was identically the same, with this exception, viz: in seven of the docket numbers the petitioner was "on the cash receipts and disbursements basis" of *337 accounting, while in Docket No. 28432, Albert Grootwassink, the petitioner was "on an inventory basis of accounting". The animals sold by petitioners were from either their dairy or hog-breeding herds, and had been held by them primarily for dairy or breeding purposes for more than six months. [Opinion] The material facts in each proceeding here are the same as those in Isaac Emerson, 12 T.C. 875, and the parties here have stipulated that in each "the issue is identical to the issue presented to the Tax Court in Isaac Emerson, 12 T.C. 875". It is therefore unnecessary for us to review or apply the evidence, but only to determine whether or not we shall follow or reverse our holding in that case. We there sustained the taxpayer's contention that the profits from the sale of the animals were taxable as capital gains and not as ordinary income, under section 117 (j) of the Code, and we adhere to that holding as being correct. Our holding in the Isaac Emerson case, supra, was based upon Albright v. United States, 173 Fed. (2d) 339, decided by the Court of Appeals for the Eighth Circuit. Only recently, on January 8, 1951, the Court of Appeals *338 for the Fifth Circuit, in United States v. John M. Bennett, 186 Fed. (2d) 407, reached the same conclusion that we did in the Emerson case and cited it and the Albright case with approval. Respondent cites Birkbeck v. Thomas and Finch v. Arnold, both United States District Court cases in the Northern District of Texas, in support of his contention, but since respondent's brief was filed, these cases on appeal were consolidated by the Court of Appeals for the Fifth Circuit with the John M. Bennett case, supra, and they were both reversed by that Court, while the Bennett case, wherein the lower court had held for the taxpayer, was affirmed. We think there is no merit in respondent's contention that in Docket No. 28432, Albert Grootwassink, because he was on the inventory basis of accounting, the gain from the sale of the cows and sows at issue must be held to be ordinary income and not capital gain. Such a contention is precluded by the holding of this Court in Fawn Lake Ranch Co., 12 T.C. 1139. In each of the proceedings here involved the respondent erred in his determination that the profits from the sale of the animals in question were ordinary income *339 and not capital gains, and accordingly that determination of the respondent is reversed. Decisions will be entered under Rule 50 in Docket Nos. 27345, 28428, 28430, 28432, 28433 and 28587, and for the petitioners in Docket Nos. 28429 and 28431. Footnotes
1. Consolidated with the proceeding of Arie Brouwer, Docket No. 27345, are the following: Ernest Ostermeier, Docket No. 28428; Gearhart Graves, Docket No. 28429; C. E. Gilliland, Docket No. 28430; Chris Nettinga, Docket No. 28431; Albert Grootwassink, Docket No. 28432; William Sluis, Docket No. 28433; Ellis Hoyme and Clara Hoyme, Docket No. 28587.↩